```
 1  E. MARTIN ESTRADA
    United States Attorney
 2  MACK E. JENKINS
    Assistant United States Attorney
 3  Chief, Criminal Division
    LYNDSI ALLSOP (Cal. Bar No. 323485)
 4  MARIA JHAI (Cal. Bar No. 283059)
    Assistant United States Attorneys
 5  Violent & Organized Crime Section
         1300 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-3165/4138
         Facsimile: (213) 894-3713
 8       E-mail:    lyndsi.allsop@usdoj.gov/maria.jhai@usdoj.gov

 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
```

FILED
CLERK, U.S. DISTRICT COURT
9/17/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR **24-369(A)-SPG - 8** |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION</u> |
| v. | |
| NAHIM JORGE BONILLA, aka "Nahhim," aka "The One," aka "$," aka "4SSP8KTR," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐   a.   present offense committed while defendant was on release pending (felony trial),

1  ☐   b.   defendant is an alien not lawfully admitted for
2           permanent residence; <u>and</u>
3
4  ☐   c.   defendant may flee; or
5  ☐   d.   pose a danger to another or the community.
6  ☒  2.   Pretrial Detention Requested (§ 3142(e)) because no
7          condition or combination of conditions will reasonably
8          assure:
9  ☒   a.   the appearance of the defendant as required;
10 ☒   b.   safety of any other person and the community.
11 ☐  3.   Detention Requested Pending Supervised Release/Probation
12         Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
13         § 3143(a)):
14 ☐   a.   defendant cannot establish by clear and convincing
15          evidence that he/she will not pose a danger to any
16          other person or to the community;
17 ☐   b.   defendant cannot establish by clear and convincing
18          evidence that he/she will not flee.
19 ☐  4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.
20         § 3142(e)):
21 ☒   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
22          (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or
23          greater maximum penalty (presumption of danger to
24          community and flight risk);
25 ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
26          2332b(g)(5)(B) with 10-year or greater maximum penalty
27          (presumption of danger to community and flight risk);
28

|   |   |   |   |
|---|---|---|---|
| ☐ | | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ☐ | | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. | | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| ☐ | | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| ☐ | | b. | an offense for which maximum sentence is life imprisonment or death; |
| ☒ | | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |

|   |   |    |   |
|---|---|----|---|
| 1 | ☐ | d. | any felony if defendant has two or more convictions for |
| 2 |   |    | a crime set forth in a-c above or for an offense under |
| 3 |   |    | state or local law that would qualify under a, b, or c |
| 4 |   |    | if federal jurisdiction were present, or a combination |
| 5 |   |    | or such offenses; |
| 6 | ☐ | e. | any felony not otherwise a crime of violence that |
| 7 |   |    | involves a minor victim or the possession or use of a |
| 8 |   |    | firearm or destructive device (as defined in 18 U.S.C. |
| 9 |   |    | § 921), or any other dangerous weapon, or involves a |
| 10|   |    | failure to register under 18 U.S.C. § 2250; |
| 11| ☒ | f. | serious risk defendant will flee; |
| 12| ☒ | g. | serious risk defendant will (obstruct or attempt to |
| 13|   |    | obstruct justice) or (threaten, injure, or intimidate |
| 14|   |    | prospective witness or juror, or attempt to do so). |

☐ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____
_____
_____
_____

//
//
//
//
//
//

4

1 | ☐   7.   Good cause for continuance in excess of three days exists in that:

Dated: September 17, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/
LYNDSI ALLSOP
MARIA JHAI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA