UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00369(A)-SPG-8 |
|---|---|
| Plaintiff, | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| NAHIM JORGE BONILLA, | **NEW TRIAL DATE:** **[05-06-25]** |
| Defendant. | **PRE-TRIAL CONFERENCE:** **[04-30-25]** |

Having heard from plaintiff, the United States of America, by and through its counsel of record, Assistant United States Attorneys Lyndsi Allsop and Maria Jhai, and defendant, NAHIM JORGE BONILLA ("defendant"), both individually and by and through his counsel of record, Alan Eisner, at a status conference held before this Court on November 20, 2024, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The First Superseding Indictment in this case was filed on September 17, 2024, and made public on October 16, 2024. (Dkt. No. 10.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 7, 2024. (Dkt. 93.) The Speedy Trial Act, 18 U.S.C. § 3161,

originally required that the trial commence on or before January 16, 2025.

2. On November 7, 2024, the Court set a trial date of January 7, 2025, and a status conference date of November 20, 2024.

3. The First Superseding Indictment also charges 15 other individuals. On November 12, 2024, the Court set a trial date of May 6, 2025, and a status conference date of April 30, 2025, as to defendants Anthony Mendoza Lopez, Juan Manuel Quiroz Jimenez, and Joel Sosa Cardenas. (Dkt. 98.) The remaining twelve defendants have not yet appeared before a judicial officer of the court in which the charges in this case are pending.

4. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two to three weeks. All defendants are joined for trial and a severance has not been granted.

5. Defendant is charged with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 2). Discovery in this case is voluminous. The government has requested that the defense provide a flash drive for the government's initial production, which will include more than 20 gigabytes of data, including written reports, photographs, telephone records, and multiple audio recordings. The government will produce additional discovery, including numerous video files, following entry of a protective order.

6. On November 20, 2024, this Court held a status conference in this case. Defendant appeared in person with his counsel of record. Upon the request of defendant through counsel, the Court continued the trial date from January 7, 2025 to May 6, 2025. This

Order supplements that findings and orders made by the Court at that conference.

7. Due to the transnational nature of the prosecution and the number of defendants, including the charges in the First Superseding Indictment and the voluminous discovery being prepared for the defense, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

8. In light of the foregoing, counsel for defendant needs additional time to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

9. Defendant's counsel has conferred with defendant regarding defendant's rights under the Speedy Trial Act. In addition, the Court inquired of defendant in open court regarding his Speedy Trial Act rights. Defendant stated that he understands his rights under the Speedy Trial Act and that he knowingly and voluntarily waives those rights and agrees to the trial schedule included in this Order. Defendant further believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

10. The government does not object to the continuance.

11. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

12. The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

13. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

14. The case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

15. Failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 7, 2025 to May 6, 2025. The status conference hearing is continued to April 30, 2025.

2. The time period of November 20, 2024 to May 6, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (B)(ii), and (B)(iv), and (h)(6).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

1  periods are excluded from the period within which trial must
2  commence.  Moreover, the same provisions and/or other provisions of
3  the Speedy Trial Act may in the future authorize the exclusion of
4  additional time periods from the period within which trial must
5  commence.
6     IT IS SO ORDERED.

8  November 22, 2024
   DATE                                HONORABLE SHERILYN PEACE GARNETT
9                                      UNITED STATES DISTRICT JUDGE

10 Presented by:
11      /s/
   MARIA JHAI
12 Assistant United States Attorney